United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
John Robert Hogan  
Eileen Marie Hogan  
    Debtors

Case No. 13-14818-mdc  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: PaulP     Page 1 of 1     Date Rcvd: Sep 20, 2018  
                     Form ID: 212     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 22, 2018.  
db/jdb       +John Robert Hogan,   Eileen Marie Hogan,   330 Sharpless Street,   West Chester, PA 19382-3537

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.     TOTAL: 0

       ***** BYPASSED RECIPIENTS *****  
NONE.     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 22, 2018                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 20, 2018 at the address(es) listed below:

         ANDREW F GORNALL    on behalf of Creditor    Lakeview Loan Servicing agornall@kmllawgroup.com, bkgroup@kmllawgroup.com  
         BRIAN CRAIG NICHOLAS    on behalf of Creditor    Lakeview Loan Servicing bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com  
         JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Guaranty Bank bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com  
         JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Lakeview Loan Servicing bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com  
         MARTHA E. VON ROSENSTIEL     on behalf of Creditor    Hilton Resorts Corporation marty@mvrlaw.com, erin@mvrlaw.com  
         REBECCA ANN SOLARZ    on behalf of Creditor    Lakeview Loan Servicing LLC bkgroup@kmllawgroup.com  
         STANLEY E. LUONGO, JR.    on behalf of Debtor John Robert Hogan stan.luongo@luongobellwoar.com, nicole.werner@luongobellwoar.com  
         STANLEY E. LUONGO, JR.    on behalf of Joint Debtor Eileen Marie Hogan  stan.luongo@luongobellwoar.com, nicole.werner@luongobellwoar.com  
         THOMAS I. PULEO    on behalf of Creditor    Lakeview Loan Servicing tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com  
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
         WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com, philaecf@gmail.com  
         WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com  
                                                                                               TOTAL: 12

*UNITED STATES BANKRUPTCY COURT*
*EASTERN DISTRICT OF PENNSYLVANIA*

___

In Re:   Chapter: 13

    John Robert Hogan and Eileen Marie Hogan

Debtor(s)   Case No: 13–14818–mdc

___

*ORDER*

    AND NOW, 9/20/18 , it appearing that the debtor must file either a statement regarding completion of a course in personal financial management, <u>see</u> 11 U.S.C. § 1328(g)(1), or a request for a waiver from this requirement, <u>see</u> 11 U.S.C. § 109(h)(4),

    Additionally, it appearing that the debtor must file a certification regarding domestic support obligations and Section 522(q), <u>see</u> 11 U.S.C. §1328(a),

    And the statement regarding personal financial management and the domestic support obligation certification were due no later than the last payment made by the debtor as required by the plan or the filing of a motion for entry of a discharge under § 1328(b), see Bankruptcy Rule 1007(c),

    Accordingly, it is hereby ORDERED that the debtor shall have 14 (fourteen) days from the date of this order to file

    ☐ A statement regarding completion of an instructional course concerning personal financial management, (Official Form B423) or a request for a waiver from such requirement.

    ☑ A certification regarding domestic support obligations and Section 522(q), (Director's Form B2830);

    If the debtor fails to do so, then this case may be closed, without further notice or hearing, and without the debtor receiving his/her chapter 13 discharge.

    For The Court

    Magdeline D. Coleman

    Judge ,United States Bankruptcy Court